SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**LEWIS S. BURKHART, OSB #082781**
Assistant United States Attorney
Lewis.Burkhart@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:21-cr-00099-SI |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **CARLOS ARON PALADINI,** | |
| Defendant. | |

### Introduction

While on federal supervision for drug trafficking, Defendant was caught involved in monetary transactions related to drug trafficking. Defendant's supervised release should be revoked, and a sentence of 70 months should be imposed and served concurrent to the sentence in 3:09-cr-00057-SI.

/ / / /

**Factual Background**

While on supervision for a prior drug conviction, Defendant was found asleep in the driver's seat of his vehicle which was parked partially on the sidewalk and the lawn of a church in Jefferson. (PSR ¶17). After observing signs of intoxication, officers requested Defendant's consent to a field sobriety test, which he agreed to and failed. (PSR ¶¶18 – 19).

During a search of the vehicle, officers found a bundle of $10,300 in United States currency and two small rocks of methamphetamine. In the trunk, officers found a safe containing 319 grams of methamphetamine, two loaded hypodermic needles, several unused hypodermic needles, a measuring scale, and several small plastic bags. (PSR ¶20). Defendant purchased the seized methamphetamine with unlawful drug trafficking proceeds and the currency seized was the proceeds of unlawful drug trafficking.

Defendant was transported to a nearby police department and provided officers a breath sample which indicated a BAC of 0.00%. Then Defendant provided a urine sample but before an officer sealed the box containing the sample, Defendant asked, "Do you have to turn that in? It's gonna' have meth in it." (PSR ¶21).

Defendant was eventually returned to Jefferson and issued citations for Driving Under the Influence of Intoxicants and Delivery of a Controlled Substance. The cash and methamphetamine from the vehicle were seized. (PSR ¶23).

**Plea Agreement**

On April 6, 2021, Defendant pleaded guilty to Count 1 of the Information which charged Money Laundering in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

/ / / /

**Guideline Computations**

Defendant's relevant conduct is a base offense level of 26. USSG §§2S1.1(a)(1), 2D1.1. Since Defendant was convicted of a violation of 18 U.S.C. § 1956(a)(1)(A)(i), the offense level is increased by two. USSG §2S1.1(b)(2)(B). Because Defendant demonstrated acceptance of responsibility, he is eligible for a three-level reduction, provided Defendant continues to demonstrate acceptance of responsibility. USSG §3E1.1.  The government agreed to recommend a two-level reduction based on health information provided by Defendant.  USSG §5H1.3. Finally, the government recommends a further two-level reduction for Defendant's waiver of indictment and very early resolution of this case.

| **Count 1: 18 U.S.C. § 1956(a)(1)(A)(i) – Money Laundering** | | |
|---|---|---|
| USSG §2S1.1(a)(1) | Base Offense Level | 26 |
| USSG §2S1.1(b)(2)(B) | Specific Offense Characteristics | +2 |
| USSG §3E1.1 | Acceptance of Responsibility | -3 |
| USSG §5H1.3 | Health Conditions | -2 |
| 18 U.S.C. §3553(a) | | -2 |
| | **Adjusted Offense Level** | 21 |

**Criminal History**

| Crime | Conviction Date | Jurisdiction | Sentence |
|---|---|---|---|
| Possession of Methamphetamine; Forgery | 5/9/2002 | Washington County Circuit Court | 18 Months Probation |
| Possession of Methamphetamine | 9/12/2003 | Washington County Circuit Court | 10 Days Jail, 18 Months Probation |
| Delivery of Methamphetamine and Cocaine; Identity Theft | 4/17/2003 | Washington County Circuit Court | 12 Months, 2 Years PPS |
| Possession of Methamphetamine | 4/30/2003 | Multnomah County Circuit Court | 6 Months, 1 Year PPS |
| Possession of Methamphetamine | 9/12/2003 | Clackamas County Circuit Court | 18 Months Probation |

**Government's Sentencing Memorandum**                                                                 Page 3

| Criminal Possession of a Forged Instrument | 12/01/2003 | Washington County Circuit Court | 13 Months, 1 Year PPS |
| Delivery of Methamphetamine; Possession of Methamphetamine; Identity Theft | 8/1/2005 | Washington County Circuit Court | 26 Months, 3 Years PPS |
| Delivery of Methamphetamine Within 1,000 Feet of a School; Delivery of Methamphetamine; Possession of Methamphetamine | 9/10/2009 | Washington County Circuit Court | 25 Months, 3 Years PPS |
| Possession with Intent to Distribute Methamphetamine | 9/3/2009 | District of Oregon | 140 Months, 3 years Supervised Release |
| Unlawful Possession of Methamphetamine | 2/7/2020 | Washington County Circuit Court | 3 Years Probation |

Defendant committed the instant offense will under supervision for his 2009 federal conviction and the 2020 Washington County conviction. He receives an additional two points pursuant to USSG §4A1.1(d). (PSR ¶59). His criminal history category is a Level V. (PSR ¶60).

**Forfeiture and Abandonment**

Defendant agreed to forfeit all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 982, including $10,300, which defendant admits constitute the proceeds of defendant's criminal activity and/or were used to facilitate defendant's criminal activity in violation of Money Laundering as set forth in Count 1 of the Information. An initial Preliminary and Final Order of Forfeiture was filed on May 25, 2021 and was corrected by an amended Preliminary and Final Order of Forfeiture. [ECF 13, 14].

**Government's Sentencing Memorandum**                                                      Page 4

**Government's Recommended Sentence**

Defendant has a long criminal history of possessing, delivering, and abusing controlled substances. In 2009, Defendant was sentenced to 140 months incarceration in case number 3:09-cr-00057-SI. Unfortunately, Defendant returned to using and selling drugs, despite being on supervised release. Defendant's return to use and selling drugs is unfortunately not surprising because his criminal history shows this repeated pattern of failing to curb his criminal behavior. However, it is clear Defendant relapsed in part as a result of the death of his son. The government hopes given Defendant's significant health issues and his age will result into changing his behavior. Thus, the government believes supervised release should be revoked and a sentence of 70 months at the low end of the guidelines is appropriate.

While not bound by the Sentencing Guidelines, district courts must consult the Guidelines and take them into account when sentencing. *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 767 (2005). The sentencing guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. See 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guideline serves as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id.*

A sentence of 70 months reflects the low end of the applicable guideline range and would recognize Defendant's acceptance of responsibility but would still provide adequate deterrence to criminal conduct for both Defendant the public at large. A 70-month sentence and $100 special assessment satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

**Conclusion**

Based on the foregoing, the government recommends that this Court revoke Defendant's supervised release and impose a concurrent sentence of 70 months.

Dated: June 29, 2021

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Lewis S. Burkhart*
LEWIS S. BURKHART, OSB #082781
Assistant United States Attorney